Filed 6/28/24  Lan v. Barhoma CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YONGTONG LAN,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>HANY BARHOMA et al.,<br><br>　　　Defendants and Appellants. | B316931<br><br>(Los Angeles County Super. Ct. No. 19STCV01092) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

　　　Miller Miller Gerber, Jonathan L. Gerber, Adam I. Miller, and Corey A. Miller, for Appellant Miller Miller Gerber.

　　　Law Offices of Rodney T. Lewin and Rodney T. Lewin for Plaintiff and Respondent.

# I.     INTRODUCTION

Hany Barhoma, through his attorneys at Miller Miller Gerber (MMG), brought a sanctions motion pursuant to Code of Civil Procedure section 128.7[1] seeking to be dismissed as a defendant from Yongtang Lan's second amended complaint. The trial court denied the motion and awarded Lan his attorney fees and costs against Barhoma and MMG pursuant to section 128.7, subdivision (c)(1). Barhoma and MMG appealed.[2] We affirm.

---

[1]     All further statutory references are to the Code of Civil Procedure.

[2]     In a March 8, 2024, joint letter to this court, Barhoma and Lan stated that Lan accepted in the trial court Barhoma's statutory offer to compromise the underlying action pursuant to section 998. They further advised that following compliance with the terms of that compromise, Lan would dismiss in the trial court his claims against Barhoma in the underlying action with prejudice and Barhoma would dismiss in the court of appeal his appeal from the underlying action with prejudice. On April 24, 2024, pursuant to Barhoma's request, this court dismissed Barhoma's appeal and issued a remittitur. In a May 9, 2024, letter to this court, Lan represented that he dismissed his underlying trial court action against Barhoma. Lan's dismissal of his claims against Barhoma in the trial court is a final judgment from which MMG may appeal the trial court's award of attorney fees and costs to Lan pursuant to section 128.7, subdivision (c)(1). (See *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 907 ["a compromise agreement contemplating payment by defendant and dismissal of the action by plaintiff is the legal equivalent of a judgment in plaintiff's favor"].)

## II.    BACKGROUND

On January 14, 2019, Lan filed a complaint against Wasem Eshak and Ezaat Petross for fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract.  According to the complaint, Lan and Eshak co-founded and were co-shareholders in ILabPharma, Inc. (ILab), a "pharmacy business."  On April 24, 2020, Lan named Barhoma as a defendant in the complaint, substituting him into the action as "Doe 1."

On January 27, 2021, Lan filed a second amended complaint against Barhoma and others.  In the second amended complaint, Lan asserted causes of action against Barhoma for "Intentional Misrepresentation and Deceit—Fraud," "Concealment and Deceit—Fraud," "Breach of Fiduciary Duty/Breach of Loyalty and Statutory Duties," "Negligent Misrepresentation," and "Conversion."[3]  Generally, Lan alleged wrongdoing by Barhoma, individually and doing business as Barhoma Business and Tax Services, in providing accounting and financial services to ILab until about June 2017.

On March 16, 2021, Barhoma filed a section 128.7 motion for sanctions against Lan and Lan's attorneys, on the grounds that the second amended complaint lacked both legal and factual merit and was filed and being maintained for an improper purpose.[4]  Barhoma contended that (1) Lan's claims against him

---

[3]     Lan asserted some of these and other causes of action against the other defendants.  The other causes of action and other defendants are not part of this appeal.

[4]     "Section 128.7 requires that all pleadings filed with the court be signed by an attorney of a represented party, or, if the

in the second amended complaint were barred by the applicable statutes of limitations and did not relate back to the filing date of Lan's original complaint as Lan's designation of Barhoma as Doe 1 violated section 474[5]; (2) Lan's allegations in the second amended complaint that Lan relied on certain ILab profit and loss statements were "factually without merit and false, lying in stark contradiction to [Lan's] own contemporaneous statements to the contrary"; (3) Lan's conspiracy and aiding and abetting allegations against Barhoma were "factually frivolous, lack[ed] evidentiary support, and [were] not likely to find evidentiary support after additional investigation"; and (4) the referenced allegations and claims in the second amended complaint were

---

party is not represented by counsel, by the party. (§ 128.7, subd. (a).) The signing of a filed pleading constitutes a certification by the person signing it that after a reasonable inquiry, the pleading (1) is not being presented for an improper purpose; (2) contains positions that are not frivolous; (3) alleges factual matter having evidentiary support; and (4) contains denials of factual allegations, which denials have evidentiary support. (§ 128.7, subd. (b).) Based upon these requirements, the court, after proper statutory notice, may impose sanctions upon the attorneys, law firms, or parties who have improperly certified a pleading in violation of subdivision (b) of section 128.7. (§ 128.7, subd. (c).)" (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 919–920, fns. omitted (*Optimal*).)

[5]     Section 474 provides that, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

4

"pr[e]sented and pursued for the improper purposes of harassing Barhoma and forcing him to incur significant litigation costs." In support of his sanctions motion, Barhoma attached 450 pages of evidence and a request that the trial court judicially notice an additional 164 pages of documents.

As sanctions, Barhoma requested the trial court to dismiss him with prejudice from the second amended complaint and award him $22,960—the amount of attorney fees he incurred in defending against Lan's action and preparing the sanctions motion.

At the initial hearing on Barhoma's sanctions motion on July 29, 2021, the trial court asked Barhoma's counsel—MMG— whether the alleged deficiencies in the second amended complaint would properly have been the subject of a summary judgment motion. Counsel said the deficiencies could have been addressed in a summary judgment motion, but there had been issues with deposing Lan. Nevertheless, counsel argued, there were no factual disputes "as to [Lan's] knowledge of . . . Barhoma and his involvement in preparing the financial statements." Counsel then addressed evidence he believed showed when Lan became aware of Barhoma's alleged misconduct. Counsel added, however, that "[w]hether or not it turns out the financial statements were actually false or whether or not . . . Barhoma was actually involved in alleged manipulation of those financial statements may be issues that are unresolved."

Lan's counsel argued there were factual disputes in the case about when Lan discovered facts giving rise to his claims against Barhoma—that is, when he discovered facts that showed Barhoma conspired with or aided and abetted his codefendants in

5

defrauding Lan. Counsel then argued facts she believed showed when Lan discovered Barhoma's alleged misconduct.

The trial court stated that the issue before it was "whether this motion is a misuse of the legal process. [¶] If a demurrer is available to a party, use demurrer. If there are no triable issues of fact, you file a summary judgment motion. If we were to have this type of a motion every time somebody filed a pleading, we would have just endless motions for sanctions. [¶] . . . [D]o you have any authority that a motion for sanctions under [section] 128.7 can be used as a substitute for a motion for summary judgment or a demurrer?"

Barhoma's counsel responded that "the purpose of it is to get rid of pleadings that don't have merit prior to going through the summary judgment process." The trial court voiced its skepticism and stated, "Well, it seems like a horrendous waste of time. And I'm certainly not going to grant your motion."

The trial court then requested the parties to file briefs addressing whether the court could award Lan sanctions or attorney fees under section 128.7 for successfully opposing Barhoma's motion pursuant to Lan's sanctions request in his opposition[6] or whether Lan had to file a separate motion. The court set the matter for hearing on October 5, 2021.

---

[6] In his opposition to Barhoma's sanctions motion, Lan requested the court award him sanctions, jointly and severally, against Barhoma and MMG in the amount of $27,207.50—the costs and attorney fees he incurred in opposing Barhoma's "utterly baseless and frivolous motion."

At the October 5, 2021, hearing,[7] the trial court repeated its view that a section 128.7 sanctions motion was "a poor substitute for a motion for summary judgment." MMG argued that the sanctions motion it brought on Barhoma's behalf "was not brought lightly . . . [t]here was a substantial amount of research and investigation done prior to bringing it."

After argument by the parties, the trial court stated that "under the circumstances," Barhoma's section 128.7 sanctions motion was "the inappropriate motion to have brought." Instead, "where they throw all these facts out," a summary judgment motion normally would have been appropriate.

The trial court then issued its ruling, in which it denied Barhoma's sanctions motion, and awarded Lan costs and attorney fees pursuant to section 128.7, subdivision (c)(1).

The trial court stated its "view" that a section 128.7 sanctions motion "should not be used as an alternative to a motion for summary judgment." It then explained the summary judgment procedures that are designed to determine if there are triable issues of fact and the moving party is entitled to judgment as a matter of law. Because Barhoma brought a sanctions motion rather than a summary judgment motion, those "procedures did not need to be followed, which allowed the motion to be unstructured and difficult to follow."

The trial court noted that sanctions are proper when the moving party proves that another party's conduct in asserting a claim was without merit or objectively unreasonable. "A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.' [Citation.]"

---

[7] At the hearing, MMG represented itself, but did not represent Barhoma who had new counsel.

(Citing, inter alia, *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

According to the trial court, Barhoma's arguments were conclusory and failed to identify specific facts that supported a plausible argument that the second amended complaint's legal claims or factual allegations were without merit. Barhoma repeatedly failed to cite "any one source of evidence with specificity and relie[d] on citations to entire exhibits that [did] not patently support [his] contentions. [¶] Essentially, [Barhoma] dumped 450 pages of documents, including profit and loss statements, e[-]mail chains, 'various 2016 communications', articles of incorporation, bylaws, a statement of information, a credit application, various 'communications', an analysis of financial data, tax returns, responses to interrogatories, and more. References to these exhibits are broad, referring to entire exhibits, and are scattered through the points and authorities. Effectively, the [c]ourt is asked to scour through 450 pages of exhibits to locate the pearls on which to find for [Barhoma]. This would all have been avoided had [Barhoma] brought a summary judgment motion."

The trial court then reviewed and rejected Barhoma's argument that Lan's Doe amendment naming Barhoma as a defendant violated section 474. It found that "no reasonable attorney would agree, based on the showing made, that the claims asserted against [Barhoma] are totally and completely without merit. Knowledge that an accountant may be prone to making mistakes on a P&L Statement and/or tax return in no way confers knowledge that the same accountant was committing some form of fraud, without more."

8

The trial court next considered Lan's request for sanctions. The court did not award sanctions; instead it awarded Lan the reasonable expenses and attorney fees he incurred in opposing Barhoma's sanctions motion under section 128.7, subdivision (c)(1)[8]—$37,665.50.

Citing the holding in *Musaelian v. Adams* (2011) 197 Cal.App.4th 1251, 1258 that expenses and attorney fees are "warranted" under section 128.7, subdivision (c)(1) when a sanctions motion is frivolous, unfounded, filed for an improper purpose, or otherwise unreasonable, the trial court found Barhoma's sanctions motion "frivolous" because the motion sought to "'bypass the summary judgment procedure and to deny Lan due process of law and his right to have a jury decide the issues.'" Barhoma's claim that several of the second amended complaint's factual allegations lacked evidentiary support were based on his mischaracterization of exhibits he submitted in support of his position.

Similarly, the court found Barhoma's sanctions motion "objectively unreasonable" when Lan offered a "strikingly different" version of the facts underlying his claims. Moreover, although MMG stated it spent many hours researching how a section 128.7 motion could be brought, it did not explain why it chose that motion over a motion for summary judgment. The court concluded that MMG filed the section 128.7 motion because it allowed them to "side-step the procedural requirements of a

---

[8] Section 128.7, subdivision (c)(1) provides, in relevant part, "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

9

summary judgment motion, and put [Lan's] attorneys at risk of paying large attorney's fees."

## III.   DISCUSSION

MMG does not contend the trial court erred when it denied Barhoma's section 128.7 sanctions motion.  Instead, MMG contends the court erred in finding Barhoma's section 128.7 motion procedurally improper when it awarded Lan his attorney fees and costs; section 128.7, subdivision (c)(1) did not authorize the court to award attorney fees and costs against MMG; the court awarded attorney fees and costs against MMG for the conduct of Barhoma's prior counsel; and the court abused its discretion when it awarded Lan any attorney fees and costs or, alternatively, when it failed to reduce the amount of that award.

A.    *Standards of Review*

We review a trial court's ruling on a section 128.7 sanctions motion for an abuse of discretion.  (*Optimal, supra*, 221 Cal.App.4th at p. 921.)  We review questions of statutory construction in the course of such a discretionary review de novo. (*Id.* at pp. 991–992.)

"A trial court's determination of the amount of attorney fees to award is reviewed for an abuse of discretion.  [Citation.] [A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.  [Citation.]

10

The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.  [Citation.]  [Citation.]" (*Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 392–393 (internal quotation marks omitted).)

B.    *The Trial Court's Award of Costs and Attorney Fees Pursuant to Section 128.7, Subdivision (c)(1)*

1.    Procedural Propriety of Barhoma's Section 128.7 Motion

MMG contends the court erred in finding that a section 128.7 sanctions motion—as opposed to a demurrer or a summary judgment motion—was procedurally inappropriate under the circumstances.  We disagree.

The trial court found that "under the circumstances" of this case, Barhoma's section 128.7 sanctions motion was "the inappropriate motion to have brought."  Because Barhoma expected the court to rule on factual issues—"they throw all these facts out"—he should have brough a summary judgment motion.  Moreover, apart from whether Barhoma should have brough a summary judgment motion rather than a sanctions motion, Barhoma's sanctions motion was deficiently presented.  It was "unstructured and difficult to follow," its arguments were conclusory and failed to identify specific supporting facts, and it "[e]ssentially . . . dumped 450 pages of documents" on the court which it expected the court to scour for "the pearls" on which to find for Barhoma.  The court accurately described Barhoma's

11

section 128.7 sanctions motion and did not abuse its discretion in finding that the motion was the inappropriate motion to have brought under the circumstances and that the motion was otherwise deficient.[9]

> 2. The Trial Court's Authorization to Award Reasonable Expenses and Attorney Fees Under Section 128.7, Subdivision (c)(1)

MMG contends that section 128.7, subdivision (c)(1) does not authorize a trial court to award to the prevailing party on a sanctions motion its attorney fees and costs against the attorneys who represented the losing party. As Lan argues, MMG did not raise this issue in the trial court and thus has forfeited appellate review. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117 [the failure to raise an issue in the trial court forfeits the right to raise it on appeal].)

Moreover, we reject MMG's unreasonable construction of section 128.7, subdivision (c) that would limit the imposition of expenses and attorney fees to a party for a motion its attorney filed that involved a document "dump," asserted conclusory arguments, and failed to identify specific supporting facts. Such a construction would be contrary to the purpose of section 128.7, which is to "deter[ ] . . . filing abuses." (*Optimal, supra*, 221 Cal.App.4th at p. 920; *Quintano v. Mercury Casualty Co.* (1995)

---

[9] MMG does not address the court's finding that Barhoma's sanctions motion was deficient as presented thus forfeiting any challenge to the court's finding. (*Long Beach Unified School Dist. v. Margaret Williams, LLC* (2019) 43 Cal.App.5th 87, 107 [the failure to raise on issue on appeal forfeits its review].)

11 Cal.4th 1049, 1055 [the "[r]ules of statutory construction require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences" (internal quotation marks and citations omitted)].)

   3.   <u>The Trial Court Did Not Award Reasonable Expenses and Attorney Fees Against MMG For the Conduct of Barhoma's Prior Counsel</u>

MMG argues the trial court improperly awarded attorney fees and costs against it for the conduct of Barhoma's son who represented Barhoma at an apparently contentious deposition before MMG represented Barhoma. MMG's argument is without merit.

At the hearing on Lan's request for sanctions, Barhoma's counsel suggested that Lan had added Barhoma as a Doe defendant to punish him for the contentious manner in which Barhoma's son had represented Barhoma at Barhoma's deposition. The trial court noted that Barhoma's sanctions motion might also be viewed as an attempt to punish Lan or Lan's attorneys for adding Barhoma as a Doe defendant. Nevertheless, the court's award of reasonable expenses and attorney fees against MMG was based on the sanctions motion MMG prepared and filed on Barhoma's behalf and not on anything that transpired at Barhoma's contentious deposition.

4. The Trial Court's Award of Reasonable Expenses and Attorney Fees

The trial court awarded Lan $37,665.50 as the reasonable expenses and attorney fees he incurred in opposing Barhoma's sanctions motion. MMG contends the court abused it discretion in awarding Lan any expenses or attorney fees, arguing Barhoma's section 128.7 sanctions motion was not frivolous, unfounded, filed for an improper purpose, or otherwise unreasonable. Alternatively, MMG argues the court abused its discretion in failing to reduce the attorney fees award.

The trial court found Barhoma's deficient sanctions motion frivolous because it sought to "'bypass the summary judgment procedure and to deny Lan due process of law and his right to have a jury decide the issues.'" It also found the motion objectively unreasonable under the circumstances of this case because Lan offered a "strikingly different" version of the facts underlying his claims. Finally, it found that MMG filed the sanctions motion rather than a summary judgment motion because the sanctions motion allowed it to "side-step the procedural requirements of a summary judgment motion, and put [Lan's] attorneys at risk of paying large attorney's fees."

We held above that the trial court did not abuse its discretion in finding Barhoma's section 128.7 sanctions motion inappropriate under the circumstances of this case and otherwise deficient. Barhoma's sanctions motion was objectively frivolous because it was the wrong vehicle to address the alleged deficiencies in Lan's second amended complaint. Moreover, given the poor quality of the motion, it apparently was brought for its harassment value. Accordingly, the court did not abuse its

14

discretion in awarding Lan the reasonable expenses and attorney fees he incurred in opposing the motion.

We also reject MMG's contention that the trial court abused its discretion in failing to reduce the attorney fees award. First, without further explanation or argument, MMG asserts that about "$10,000 of the total fee award was purportedly incurred by [Lan] in connection with the supplemental briefing which, at the time of the request consisted of a five (5) page supplemental brief and estimates with respect to future actions in connection with the briefing." We treat as forfeited perfunctory contentions made without adequate legal argument. (*Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4.)

Next, MMG argues that the trial court's award "consisted of heavily duplicative time billed" by two of Lan's attorneys that was not supported by time records of other documentary proof. MMG's argument does not identify the claimed duplicative time or include record cites supporting this argument. It has thus forfeited the argument on appeal. (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)

## IV.   DISPOSITION

The judgment is affirmed.  Lan is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

LEE, J.*

---

*       Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16