Filed 9/11/24  Brown v. Kingan CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| ROBERT A. BROWN et al., | |
| Plaintiff and Appellants, | G062611 |
| v. | (Super. Ct. No. 30-2020-01173623) |
| REIKO KINGAN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeals from a judgment and order of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed in part and reversed in part.

Law Offices of Robert A. Brown and Robert A. Brown, in pro. per., and for Plaintiff and Appellant Kurt Hughes.

Webb Law Group, Lenden F. Webb and Katherine E. Cervantes for Defendants and Respondents.

Plaintiff Kurt Hughes filed a complaint against defendants Reiko Kingan and Charles Kingan (collectively, Kingan defendants), among others, related to the Kingan defendants allegedly improperly taking the proceeds from the sale of a property that had been owned by plaintiff's deceased mother, Midori Hughes. The trial court sustained a demurrer with leave to amend for failure to state a cause of action. Plaintiff filed a first amended complaint (FAC), but the trial court again sustained a demurrer with leave to amend. The trial court found the probate court[1] had exclusive jurisdiction.

Plaintiff then filed a second amended complaint (SAC), asserting causes of action against the Kingan defendants for statutory civil liability for theft under Penal Code sections 484 and 496, subdivision (c), and voidable transfer under Arizona Revised Statutes section 44-1001 et seq. The trial court sustained a demurrer as to the voidable transfer cause of action, concluding it failed to state a cause of action and, additionally, should have been filed in probate court. The trial court granted a motion to strike as to the statutory theft cause of action—which was not asserted in the initial complaint—finding the scope of leave to amend did not encompass adding that cause of action. We agree with the trial court that the voidable transfer cause of action failed to state a cause of action and the statutory theft cause of action was properly stricken. Thus, we affirm the judgment of dismissal.

The trial court also ordered plaintiff's counsel, appellant Robert A. Brown, to pay $17,702.50 as monetary sanctions pursuant to Code of Civil

---

[1] "Technically, California does not have 'probate courts.' 'The term "probate court" is but a convenient way of expressing the concept of a superior court sitting in exercise of its probate jurisdiction. This is but a colloquial expression . . . .' [Citation.]" (*In re Michael R.* (2006) 137 Cal.App.4th 126, 131, fn. 1 (*Michael*).)

Procedure section 128.7.[2] The trial court concluded pleading the voidable transfer cause of action in the SAC "was objectively unreasonable and no reasonable attorney would have simply repeated claims that the court had already determined to be beyond its jurisdiction." However, we conclude the jurisdictional issue was not frivolous. Therefore, we reverse the order awarding monetary sanctions against Brown.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, plaintiff filed his initial complaint against the Kingan defendants and certain other defendants.[3] Among other things, the complaint alleged that on or about October 20, 2018, the real estate defendants entered into a listing agreement with the Kingan defendants to sell a property. The listing agreement allegedly was entered into on the basis that Reiko Kingan and/or Charles Kingan was a trustee of a trust for Midori Hughes, but record title was purportedly vested with Midori Hughes, not the Kingan defendants. According to the complaint, Midori Hughes died on October 22, 2018. The complaint asserts the Kingan defendants received $245,619.15 in net proceeds from the sale of the property. The complaint asserted three causes of action against the Kingan defendants: (1) conversion, (2) breach of fiduciary duty, and (3) voidable transfer pursuant to Arizona Revised Statutes section 44-1001 et seq. The trial court sustained the Kingan

_____

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] The other defendants were Tiffany Torgan Philips; Prestige Properties Enterprises, Inc., doing business as Harcourts Prestige Properties; and Lindsey Jean-Marie Gates (collectively, real estate defendants). This court previously granted appellants' request to dismiss the real estate defendants. A claim was also asserted against Alliance Escrow, Inc. in the initial complaint and the FAC but not the SAC.

3

defendants' demurrer to those causes of action for failure to state a cause of action.

Plaintiff then filed his FAC, which asserted three causes of action against the Kingan defendants, among others. As to the Kingan defendants, the FAC again asserted causes of action for conversion and voidable transfer pursuant to Arizona Revised Statutes section 44-1001 et seq., but it asserted a cause of action for statutory civil liability for theft under Penal Code sections 484 and 496, subdivision (c), instead of breach of fiduciary duty. Among other things, the FAC attached documents entitled "Last Will and Testament of Midori Hughes" and "Trust Agreement The Midori Hughes Trust[,]" and it alleged plaintiff had an equitable right to at least one-third of the net proceeds from the sale of the property because he is either a beneficiary of the trust or an heir under the will, or by intestate succession.

The trial court sustained the Kingan defendants' demurrer to the three causes of action asserted against them and concluded, among other things, the probate court had exclusive jurisdiction. The trial court permitted plaintiff to file an amended complaint and stated plaintiff "is reminded that leave to amend is limited to the issues addressed in this ruling. Plaintiff must bring a motion for leave to amend if he seeks to add new causes of action."

Plaintiff proceeded to file his SAC. The SAC removed the allegations expressly referencing the trust and estate, and it did not attach the documents entitled "Last Will and Testament of Midori Hughes" and "Trust Agreement The Midori Hughes Trust". As to the Kingan defendants, the SAC asserted causes of action for statutory civil liability for theft under Penal Code sections 484 and 496, subdivision (c), and voidable transfer pursuant to Arizona Revised Statutes section 44-1001 et seq.

4

The Kingan defendants filed a demurrer to the voidable transfer cause of action. They argued the probate department had exclusive jurisdiction and the voidable transfer cause of action failed to state a cause of action. The Kingan defendants also filed a motion to strike both causes of action. Specifically, they argued the statutory theft cause of action exceeded the scope of leave to amend, and the voidable transfer cause of action was materially changed by omitting any mention of the will and trust and the omission rendered the SAC inconsistent with the FAC.

The trial court sustained the demurrer to the voidable transfer cause of action with 15 days leave to amend and granted the motion to strike the statutory theft cause of action. The trial court sustained the demurrer to the voidable transfer cause of action because (1) it failed to state a cause of action, and (2) "[p]laintiff has simply omitted factual allegations from the [FAC] that reveal that [his] claims should have been filed in the probate court." The trial court granted the motion to strike as to the statutory theft cause of action, concluding "the scope of leave to amend did not encompass the statutory theft claim that was added to the FAC and SAC without leave of court" and "[p]laintiff added a new cause of action that changed the underlying obligation from one that arises from fiduciary duties to one that arises from the Penal Code."

The Kingan defendants also moved for sanctions under section 128.7, seeking non-monetary sanctions and monetary sanctions of $73,054. The trial court granted in part and denied in part the sanctions motion. The trial court found the request for non-monetary sanctions to be moot.

Regarding monetary sanctions, the trial court noted it could not say the filing of the initial complaint and the FAC violated section 128.7. But the trial court found, "in filing the SAC and repeating claims that the court

5

had already ruled were not within its jurisdiction, [p]laintiff violated the certification of [s]ection 128.7 that the SAC was 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.' Pleading the second cause of action was objectively unreasonable and no reasonable attorney would have simply repeated claims that the court had already determined to be beyond its jurisdiction." The trial court further noted, although not required, a showing of subjective bad faith "can be made in this case" because, "rather than amending the allegations to show that [p]laintiff's claims were properly before this court, [p]laintiff only *removed* material allegations that showed that [his] claims belonged before the probate court. This indicated that [p]laintiff understood the court's prior ruling and was trying to avoid it by sham pleadings rather than proper amendments." However, regarding the motion to strike the statutory theft cause of action, the trial court noted, among other things, "[p]laintiff cited to case law that reasonably could be read to support his position."

Thus, the trial court concluded the Kingan defendants were "entitled to monetary sanctions for fees and costs expended as a result of the filing of the second cause of action of the SAC[,]" which included fees and costs expended after July 21, 2022, and regarding the demurrer to the SAC but not the motion to strike. The trial court continued the hearing "to allow the parties to submit their evidence and argument regarding whether attorney's fees and costs were expended after [July 21, 2022], whether they were expended for the demurrer to the SAC, and whether they were reasonable."

The parties subsequently made additional filings, which included the Kingan defendants seeking a revised amount of "$35,088.00 in attorneys'

fees and $2,187.00 in costs associated [with] the demurrer and Motion to Strike as to the [SAC.]" On March 3, 2023, the trial court found "$17,702.50 to be an appropriate sanction amount to deter future misconduct."[4]

On April 3, 2023, the trial court granted an ex parte application by the real estate defendants (which the Kingan defendants joined) to dismiss the action under section 581(f)(2) and dismissed the action with prejudice.

Plaintiff and Brown filed notices of appeal from the order awarding monetary sanctions,[5] and plaintiff filed a notice of appeal from the judgment of dismissal.

DISCUSSION

Plaintiff argues the SAC's causes of action for voidable transfer and statutory theft are viable and the trial court had jurisdiction. But we prefer to decide the case on the merits of the demurrer. We conclude the trial court correctly sustained the demurrer because the voidable transfer cause of action failed to state a cause of action and granted the motion to strike because the statutory theft cause of action was not encompassed by the leave to amend. Regarding monetary sanctions, we conclude the jurisdictional issue was not frivolous, and thus, the trial court erred in awarding monetary sanctions.

---

[4] The Kingan defendants state the sanctions amount was imposed jointly and severally against plaintiff and Brown. However, the sanctions amount was imposed only against Brown. The trial court stated "Plaintiff Kurt Hughes' attorney of record, Robert A. Brown, to pay the sum of $17,702.50 to moving defendants within 30 days of notice."

[5] We dismiss plaintiff's appeal as to the order awarding monetary sanctions against Brown because plaintiff "has no standing to challenge the order directing [his] counsel to pay sanctions." (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1201, fn. 2.)

7

# I.

## DEMURRER

As an initial matter, the Kingan defendants argue an abuse of discretion standard of review applies because plaintiff failed to timely file an amended pleading and the trial court dismissed the action under section 581(f)(2). According to the Kingan defendants, "[t]his is an important distinction as it changes the standard of review for the instant [a]ppeal" such that abuse of discretion applies instead of de novo.

The Kingan defendants' argument is misplaced. Plaintiff is not arguing the trial court erred by refusing to allow him to file an untimely amended complaint and dismissing the action under section 581(f)(2). Instead, plaintiff is challenging the validity of the trial court's order sustaining the demurrer and granting the motion to strike. "When, as here, a demurrer to a complaint is sustained with leave to amend and the plaintiff[] elect[s] not to amend the complaint, the plaintiff[] may test the validity of the order sustaining the demurrer by appealing from the ensuing judgment of dismissal." (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753 (*Shaw*).)

Thus, we apply the typical demurrer standard of review. "In reviewing a demurrer order, we independently evaluate the challenged pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context. [Citation.] We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the accuracy of contentions, deductions, or conclusions of law." (*Shaw, supra,* 95 Cal.App.5th at p. 753.) Moreover, "[t]ypically, the failure to amend a complaint constitutes an admission that the plaintiffs have stated

8

the case as strongly as they could have, and no additional facts could be alleged to cure the defect." (*Ibid.*)

We agree with the trial court's conclusion that the demurrer was properly granted because the voidable transfer cause of action failed to state a cause of action. Arizona Revised Statutes section 44-1004 provides, among other things: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following: [¶] 1. With actual intent to hinder, delay or defraud any creditor of the debtor. [¶] 2. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: [¶] (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction. [¶] (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." (A.R.S. § 44-1004, subd. A.) A "creditor" is "a person who has a claim[,]" which is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." (A.R.S. § 44-1001, subds. 2 & 3.)

The trial court correctly determined "[t]he conclusory allegations that the Arizona Uniform Fraudulent Transfer Act applies to this case, without alleging underlying facts, are insufficient to support a cause of action." The SAC merely alleges a legal conclusion that plaintiff was a creditor with a claim because he had "rights in seller's net proceeds in the sale" and the Kingan defendants "stole all of the net proceeds in the sale[.]" The trial court noted that plaintiff omitted from the SAC the allegations "that

9

reveal that his dispute arises from the administration of the Midori Hughes Trust and the Last Will and Testament of Midori Hughes." While plaintiff appears to have done this in an attempt to avoid the trial court's sustaining of the demurrer to the FAC on jurisdictional grounds, it means the SAC contains no alleged facts for why plaintiff purportedly was entitled to a share of the proceeds from the sale of the property. Thus, as the trail court correctly explained, "[t]here are no factual allegations explaining the basis of [p]laintiff's 'claim', how the Kingan [d]efendants stole the net proceeds, or how the alleged theft le[d] to [p]laintiff becoming a 'creditor'."

Finally, we note the trial court also sustained the demurrer to the voidable transfer cause of action because the cause of action should have been filed in the probate department. On appeal, the Kingan defendants argue the probate department had "exclusive" jurisdiction; whereas plaintiff argues the trial court had jurisdiction. We need not resolve this issue given our conclusion that the trial court correctly sustained the demurrer for failure to state a cause of action and granted the motion to strike, and this issue did not impact the trial court's fundamental jurisdiction, but we offer our thoughts for the benefit of the court and parties.

"Probate Code section 17000, subdivision (a), gives the probate department of the relevant superior court 'exclusive jurisdiction of proceedings concerning the internal affairs of trusts.' [Citation.]"[6] (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1345 (*Harnedy*).) But even assuming the SAC's causes of action implicate the probate department's jurisdiction, the trial court "had subject matter jurisdiction because 'a nonprobate department

_____

[6] Probate Code section 17000, subdivision (a), states "[t]he superior court having jurisdiction over the trust pursuant to this part has exclusive jurisdiction of proceedings concerning the internal affairs of trusts."

10

*does not* lack fundamental jurisdiction over a probate matter.' [Citation.]" (*Michael, supra,* 137 Cal.App.4th at p. 146.) Notably, "[t]he superior court is divided into departments, including the probate department, as a matter of convenience; but the subject matter jurisdiction of the superior court is vested as a whole." (*Estate of Bowles* (2008) 169 Cal.App.4th 684, 695.) "As *Harnedy* explains, 'the sort of jurisdiction provided by . . . [Prob. Code, § 17000] is not the sort of fundamental jurisdiction, i.e., implicating the competency or inherent authority of the court, the lack of which would render the judgment void.' [Citation.]" (*Michael, supra,* 137 Cal.App.4th at p. 146.) Instead, a nonprobate department "issuing orders affecting matters within the probate court's exclusive jurisdiction acts only '"in excess of jurisdiction,"' but does so having subject matter jurisdiction. [Citation.]" (*Ibid.*) And "'[a]n act in excess of jurisdiction is valid until set aside, and parties may be precluded from setting it aside by such things as waiver, estoppel or the passage of time.' [Citation.] Consequently, a party failing to raise the issue below 'is barred by principles of waiver [citation] and estoppel . . . .' [Citation.]" (*Ibid.*)

Thus, the trial court did not lack fundamental jurisdiction, even assuming the probate department had jurisdiction. Moreover, as plaintiff argued in the trial court and on appeal that the trial court had jurisdiction, he cannot (and does not) now contend the trial court improperly reached the merits of his claims because the claims should have been decided by the probate department.

This being said, our holding is that the trial court did not err in sustaining the demurrer to the voidable transfer cause of action for failure to state a cause of action.

11

## II.

### MOTION TO STRIKE

The trial court struck the SAC's statutory theft cause of action because "the scope of leave to amend did not encompass the statutory theft claim that was added to the FAC and SAC without leave of court." That ruling was also correct.

"[W]hen a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all. [Citation.] 'The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend.' [Citation.]" (*Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329 (*Community Water Coalition*).)

Here, the trial court correctly concluded the statutory theft cause of action was a new cause of action not within the scope of leave to amend.[7] The initial complaint asserted causes of action against the Kingan defendants for conversion, breach of fiduciary duty, and voidable transfer. After the demurrer to the initial complaint was sustained with leave to amend, the FAC then asserted causes of action against the Kingan defendants for conversion, statutory civil liability for theft under Penal Code sections 484

---

[7] Some courts apply abuse of discretion review but others appear to apply de novo review. (Compare *Community Water Coalition, supra,* 200 Cal.App.4th at p. 1329 with *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1022–1023.) Even assuming a de novo standard of review applies to this issue, we agree with the trial court.

and 496, subdivision (c), and voidable transfer. Thus, the FAC asserted a new cause of action for statutory theft and dropped the cause of action for breach of fiduciary duty. After the demurrer to the FAC was sustained with leave to amend, the SAC then continued to assert the new cause of action for statutory theft (as well as the cause of action for voidable transfer).

On appeal, plaintiff asserts the trial court erred because the statutory theft cause of action in the SAC was not new since it also was in the FAC. That argument, however, fails to address the fact that the initial complaint did not assert the statutory theft cause of action. The trial court sustained the demurrer to the FAC on jurisdictional grounds, and its order cannot be read as tacit approval of including the new statutory theft cause of action. Indeed, when it sustained the demurrer to the FAC, the trial court noted "[p]laintiff is reminded that leave to amend is limited to the issues addressed in this ruling. Plaintiff must bring a motion for leave to amend if he seeks to add new causes of action."

In sum, the trial court did not err in granting the motion to strike the statutory theft cause of action.

III.

SANCTIONS

"Section 128.7 applies only in limited circumstances." (*Kumar v. Ramsey* (2021) 71 Cal.App.5th 1110, 1120 (*Kumar*).) Under this section, "trial courts may issue sanctions, including monetary and terminating sanctions, against a party for filing a complaint that is legally or factually frivolous. [Citations.] 'A claim is factually frivolous if it is "not well grounded in fact" and is legally frivolous if it is "not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." [Citation.] In either case, to obtain sanctions, the moving party must show

13

the party's conduct in asserting the claim was objectively unreasonable. [Citation.] A claim is objectively unreasonable if "any reasonable attorney would agree that [it] is totally and completely without merit." [Citations.]' [Citation.]" (*Ibid.*)

"Ordinarily, a ruling on a motion for sanctions brought under section 128.7 is reviewed under a deferential abuse-of-discretion standard." (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 921.) However, "where a question of statutory construction is presented in the course of the review of a discretionary decision, such issues are legal matters subject to de novo review." (*Ibid.*; see also *Kumar, supra,* 71 Cal.App.5th at p. 1125 ["abuse of discretion also occurs if the court applies an erroneous legal standard"].)

Here, the trial court awarded monetary sanctions because it found, "in filing the SAC and repeating claims that the court had already ruled were not within its jurisdiction, [p]laintiff violated the certification of [s]ection 128.7 that the SAC was 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" The trial court reasoned that asserting in the SAC the voidable transfer cause of action "was objectively unreasonable and no reasonable attorney would have simply repeated claims that the court had already determined to be beyond its jurisdiction."

However, we disagree that the voidable transfer cause of action was frivolous because of the jurisdictional issue. Without expressing an opinion on the merits, even assuming the trial court were correct that this cause of action falls within the probate department's jurisdiction, there is a non-frivolous issue regarding whether the proper action by a trial court is to sustain a demurrer (as the trial court did on the FAC) and dismiss an action, or to transfer the cause of action to the probate department. As noted above,

14

the trial court did not lack fundamental jurisdiction, and the subject matter jurisdiction of the superior court is vested as a whole. Moreover, no party has pointed to a published opinion addressing whether a non-probate department should dismiss an action as opposed to transfer it under these circumstances. In sum, we conclude the trial court erred in awarding monetary sanctions because the jurisdictional issue was not frivolous.[8]

## DISPOSITION

The judgment of dismissal is affirmed. The order awarding monetary sanctions is reversed. The parties are to bear their own costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.

---

[8] We understand why the trial court decided to impose sanctions and found bad faith. If appellants believed the trial court erred in sustaining the demurrer to the FAC on jurisdictional grounds, they could have opted not to file the SAC and argue the issue on appeal. Instead, appellants removed allegations in the SAC, apparently to try to avoid the issue. But we conclude, for the reasons discussed above, there is more to this.