Filed 1/7/22  Marriage of Joe and Lee CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of Eurho Joe and Jungeun Lee. | H047803 |
| EURHO JOE, | (Santa Clara County Super. Ct. No. 2012-1-FL-163135) |
| Appellant, | |
| v. | |
| JUNGEUN LEE, | |
| Respondent. | |

Representing himself, appellant Eurho Joe appeals the denial of his postjudgment motion for sanctions in this marital dissolution and child custody dispute (action).  This appeal (case No. H047803) is one of three currently pending in the action.  We issue our opinion in each appeal concurrently.[1]

---

[1] Each of Joe's three, pending appeals is taken from a separately appealable, postjudgment order.  Though arising from the same action, we address each appeal independently, in separate opinions, to avoid confusion of the orders and related arguments he has raised.  The appeal addressed herein (case No. H047803) is from a November 2019 order denying Joe's request for sanctions.  The appeal in case No. H047392 is from an August 2019 order denying respondent Lee's request for attorney fees and granting in part her request for sanctions.  And the appeal in case No. H047719 is from a September 2019 order regarding physical custody and visitation.

In the matter currently before us, Joe contends the trial court erred in denying his request that the court impose monetary sanctions against respondent Jungeun Lee and Lee's attorney, Gabriel Cho. For the reasons explained below, we affirm the trial court's order.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

### A. *Marital Dissolution and Stipulated Judgment*

Eurho Joe (husband) and Jungeun Lee (wife) married on May 26, 2002 and separated on September 14, 2012. They are the parents of two daughters, ages 17 (older daughter) and 14 (younger daughter).[3]

In 2012, Joe initiated proceedings in the trial court by filing a request for domestic violence restraining order and request for child custody and visitation orders. Joe alleged that Lee repeatedly punched him in the face and eye following an argument and that the children had been subject to physical and verbal abuse by Lee. Lee responded that Joe was screaming directly in her ear as she was pressed up against the kitchen counter, and she flung out her fist repeatedly to protect herself. Both parties retained legal counsel and were assisted at a hearing on Joe's requests by a Korean interpreter.

At the November 2012 hearing on Joe's requests for restraining order and custody and visitation orders, the trial court found the case was "close" but concluded that Joe had met his burden of proof; the court stated it "[did not] know" how Lee got her bruises but did not find her explanation credible that she had not purposefully hit Joe in the eye. The

---

[2] Our summary of the facts and procedural background is drawn from the appellant's appendix, the register of actions in Santa Clara County Superior Court, and the parties' briefing. Pursuant to California Rules of Court, rule 8.155(a), on October 5, 2021, this court on its own motion ordered the record augmented to include the stipulated judgment of dissolution, filed on March 15, 2017 (judgment). Due to the limits of the record on appeal, we are unable to set forth a comprehensive summary of the litigation between the parties.

[3] To protect the personal privacy interests of the children, we do not use their names. (Cal. Rules of Court, rule 8.90(b)(1).)

2

court ordered an emergency screening and temporarily granted Joe sole legal and physical custody of the children. After the screening later in November, the trial court issued a one-year restraining order against Lee but found she had rebutted the presumption of detriment with respect to child custody under Family Code section 3044.[4] The register of actions shows that the parties thereafter engaged in mediation and custody proceedings.

In January 2015, still represented by counsel, the parties entered into a settlement of issues related to property, child support, spousal support, and attorney fees, with each side responsible for bearing its own costs. Following additional proceedings, on March 15, 2017, the trial court entered a final judgment of dissolution pursuant to stipulation of the parties (judgment). The judgment maintained a visitation and timeshare agreement from June 2014 based on joint physical and legal custody. It required Joe to pay monthly child support in the amount of $2,850 ($1,425 per child) as well as $2,850 each month in permanent spousal support to Lee. The judgment also addressed medical insurance and division of expenses for the children, division of house sale proceeds and equalization payment, and other property division. Each side agreed to bear his or her own attorney fees and costs associated with the dissolution action up to and through entry of judgment.

*B. July 2018 Order Modifying Support and Imposing Sanctions and Fees on Joe*

In July 2018, the trial court issued its findings and order after a hearing on requests for orders filed by Lee and Joe, respectively, in January 2018 and March 2018. By March 2018, Joe had elected to represent himself and had filed a substitution of counsel. In his March 2018 request, Joe moved to set aside the child and spousal support orders and sought repayment of the amounts he had paid for child and spousal support since

---

[4] "Family Code section 3044 establishes a rebuttable presumption that prevents a trial court from awarding sole or joint physical or legal custody of a child to a parent who commits an act of domestic violence against the other parent, unless the offending parent establishes by a preponderance of the evidence that an award of custody to that parent is in the child's best interest." (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 657–658.)

November 2012. He also requested that the court suspend the license of Lee's attorney, Gabriel Cho (Cho). According to Joe, his request to recalculate spousal and child support was premised on the fact that he had been the victim of domestic violence (yet Lee, as the offender, had been granted support) and that the support order had not accounted for Lee's "hidden income." He argued at the hearing that the support orders were decided based on the prior custody share and emergency screening in November 2012, during which he asserted the children "told lies" affecting the custody share decision. Joe asserted that looking back, he "saw so many lies" and maintained that Lee and her attorney had engaged in fraud.

Meanwhile, in her January 2018 request, Lee sought to set aside portions of the judgment to impute $193,000 in income to Joe based on his concealment of income at the time the parties entered the stipulated judgment in March 2017. Lee also asked the trial court to impose sanctions on Joe and award attorney fees.

In its July 31, 2018 order, the trial court denied Joe's request to set aside all support orders and for sanctions against Lee and Cho. The trial court found that Joe's allegations of unfairness dating to 2012 were not properly before the court since the parties had participated subsequently in a screening in September 2017 and stipulated to temporary joint legal custody and temporary sole physical custody to mother. The court reiterated that Joe had been represented by "extremely competent counsel" at that time, resulting in the court's appointment of counsel for the children and orders for family therapy, reconnection counseling to address the children's reticence to visitation with Joe, and therapy for the children. The trial court declined to exercise any discretion to go back to 2012, given the parties' stipulation and Joe's competent representation at the time, and because the current focus of the court, appointed counsel, and therapists was on reconnecting Joe with his children. The trial court concluded there was no basis upon which to grant Joe's request to set aside all support orders and have the money repaid to him and thus denied those requests.

4

At the same time, the trial court granted Lee's request to set aside and vacate a portion of the judgment based on fraud and granted her request for imposition of sanctions and attorney fees against Joe. The court found good cause under Family Code sections 3690, 3691, and 2122 to grant the motion based on evidence that Joe had failed to disclose his income at the time the parties entered the stipulated judgment in March 2017. The trial court ordered it would impute to Joe income of $193,000, retroactively to February 2017, and Joe would pay modified child and spousal support accordingly. Regarding Lee's request for sanctions and attorney fees, the trial court awarded Lee $15,000 in sanctions under Code of Civil Procedure section 128 for fraud and $5,075 in attorney fees under Family Code section 271, for a total of $20,075.

*C. November 2019 Order Denying Joe's Motion for Sanctions*

In October 2019, Joe filed a notice of hearing and motion for sanctions against Lee and Cho seeking a total of $115,059,280 pursuant to Family Code section 271 and Code of Civil Procedure section 128.7. Joe requested $10 million in sanctions against Lee for her alleged defamatory statements and $105,059,280 against Cho for alleged, repeated bad faith behaviors including perjury and forgery. In a declaration filed in support of his motion for sanctions (motion), Joe asserted that Lee's prior declarations filed on August 2, 2017 and February 22, 2018 were "full of false statements." Joe sought to challenge several of the purportedly false statements with evidence attached in exhibits to his declaration. In support of his request for sanctions against Cho, Joe pointed to examples of purported perjury and forgery by Cho based on Cho having signed proofs of service in the action (which Joe regarded as improper, believing Cho was a "party") and on allegedly having placed fake signatures on documents filed in the action.

On November 20, 2019, the trial court denied Joe's motion in a written order after a hearing (order).[5] The court did not state its reasoning in the order but expressly denied Joe's motion for sanctions against Lee and Cho. The court further denied a separate motion filed by Lee seeking reconsideration of an earlier order related to an August 2019 request for sanctions against Joe and for attorney fees.[6]

On January 17, 2020, Joe filed the notice of appeal in the matter before us.

## II. DISCUSSION

This appeal is taken from the trial court's November 20, 2019 order denying Joe's request for over $115 million in sanctions against Lee and Cho. We note at the outset that it is unclear from the notice of appeal whether the order denying Joe's motion for sanctions is an appealable order.[7] We take up the jurisdiction question first. We then turn to the scope of matters reviewable on appeal and Joe's burden to present a cognizable argument and demonstrate reversible error. We lastly consider whether the trial court erred in denying Joe's request for sanctions against Lee and Cho.

---

[5] The record on appeal does not contain a transcript of the November 14, 2019 hearing, nor of any opposition or declaration filed in response to the motion.

We note there is an apparent discrepancy between the amount of sanctions sought in the motion filed on October 17, 2019, which totaled $115,059,280 and the trial court's order, which referenced a request for $75,000 pursuant to Family Code section 271 and Code of Civil Procedure section 128.5, in addition to the "$115M pursuant to Fam. Code section 3691 and Code of Civil Procedure section 128.7." That discrepancy is not material to the questions at issue in this appeal.

[6] Lee had apparently sought reconsideration of the trial court's order of August 8, 2019, which granted in part a request by Lee for sanctions against Joe but denied Lee's related request for attorney fees. The August 8, 2019 order is the subject of the concurrent appeal in case No. H047392.

[7] As Lee points out in her respondent's brief, Joe's opening brief fails to identify the judgment or order appealed from and explain why it is appealable, as required by California Rules of Court, rule 8.883(a)(2). Since we are able to confirm the order appealed from based on Joe's notice of appeal and the civil case information statement, we exercise our discretion to disregard this nonconformance with the procedural rules and consider appealability on the merits.

A. *Appealability*

A reviewing court only has jurisdiction over a direct appeal when there is (1) an appealable order or (2) an appealable judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) Because the existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126), a reviewing court must resolve any doubts regarding finality of a judgment or appealability of an order before turning to the merits of the appeal. (*Ibid.*)

Whether a trial court's order is appealable is determined by statute. (*Griset, supra*, 25 Cal.4th at p. 696.) Under Code of Civil Procedure section 904.1, an appeal in a civil case may be taken, in relevant part, from a final judgment (subd. (a)(1)), an order made after an appealable judgment (subd. (a)(2)), or an order made appealable by the provisions of the Family Code (subd. (a)(10)). (See *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) While an order or judgment directing the payment of monetary sanctions exceeding $5,000 is directly appealable (Code Civ. Proc., § 904.1, subd. (a)(11), (12)), there is no comparable statutory right to appeal a prejudgment order *denying* a motion for monetary sanctions. However, an order denying a sanctions request may be directly appealable as a postjudgment order if rendered after an appealable judgment. (*Id.*, subd. (a)(2); see, e.g., *Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1344–1345 (*Shelton*).)

Here, we conclude that the November 20, 2019 order is an appealable order after final judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).) As noted in our review of the facts and procedural history, the trial court entered judgment on March 15, 2017, pursuant to stipulation of the parties, establishing the date of marital dissolution and addressing among its provisions, custody and visitation, child and spousal support, and division of property and expenses. The judgment rendered final the determination of the rights of the parties at the time and constitutes a judgment under Code of Civil Procedure section 904.1. (See *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51

7

Cal.4th 1, 5.) Consequently, the November 20, 2019 order denying Joe's motion for sanctions is a postjudgment order. Because it affects the rights and obligations of the parties arising from the judgment and is not preliminary to some later proceeding (*Shelton*, *supra*, 94 Cal.App.4th at pp. 1344–1345), we conclude it is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).

B. *Scope of Appellate Review*

Joe raises a variety of issues in his opening brief on appeal. Before turning to the merits, we note that certain issues highlighted by Joe in his recitation of the underlying facts and case history relate to decisions or events that predate the judgment and therefore are not properly before us in this appeal. " 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' " (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073.) Joe did not appeal from the underlying judgment filed in March 2017, so complaints of factual or legal error arising from the judgment—including related to proceedings or decisions that preceded it—are not reviewable.[8]

---

[8] Approximately one month after we issued the October 5, 2021 order augmenting the record in this appeal to include the underlying judgment in the action (see footnote 2, *ante*), Joe filed an "application to file amicus curiae brief and amicus curiae brief in support of court's motion." (Capitalization omitted.) Joe's request to file a brief in support of the augmentation order misunderstands the role of amicus curiae. "Amici curiae, literally 'friends of the court,' perform a valuable role for the judiciary *precisely because they are nonparties* who often *have a different perspective from the principal litigants*. 'Amicus curiae presentations assist the court by broadening its perspective on the issues raised by the parties. Among other services, they facilitate informed judicial consideration of a wide variety of information and points of view that may bear on important legal questions.' " (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1177, italics added (*Connerly*).)

Here, Joe's proposed amicus curiae brief does not assist the court by providing a diverse viewpoint on an important legal question. (*See Connerly*, *supra*, 37 Cal.4th at p. 1177.) Instead, Joe's amicus curiae request misconstrues our correction of an omission from the record on appeal as an opportunity to expand his argument to "address[] the facts and the factual correlations regarding the issues in the judgement [*sic*] . . ., which

Furthermore, in the postjudgment context, an appealable order must "raise an issue different from those embraced in the judgment; otherwise it would give a party two chances to appeal the same ruling and thus . . . circumvent the time limit on appealing from the judgment."  (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 161; see *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.)  Here, the order appealed from is the November 20, 2019 order denying Joe's request for sanctions.  Our jurisdiction in this matter is thus limited to claims of error arising from that sanctions order.

Consequently, the cognizable claims raised by Joe, as best understood by this court, are as follows:  Joe contends that the trial court erred in denying his motion for sanctions against Lee and Cho because it (1) failed to take into account Lee's defamatory and false statements in her declarations; (2) failed to recognize Lee's violation of court orders mandating family therapy, based on his assertion that older daughter was absent from therapy for two months in 2019; (3) failed to consider Cho's frivolous filing of motions for sanctions and for reconsideration, which the trial court denied on August 8, 2019 and November 20, 2019, respectively; and (4) failed to find that Cho forged signatures on documents filed in the action and committed perjury by certifying the proof of service forms.  Because these claims of error arise from or relate to matters that arose after the judgment and in connection with Joe's motion for sanctions, we conclude as a matter of jurisdiction they are reviewable.  By contrast, to the extent that Joe broadly asserts that "weird past orders" (capitalization omitted) (including custody and support orders prior to the judgment) were contrary to law or promulgated by fraud, resulting in

_____

was included into the record on appeal by this Court's own motion."  The augmentation of the record to include the underlying judgment allowed this court to resolve the question of its own jurisdiction over the instant appeal, as having been taken from a postjudgment order; it did not resuscitate the long final judgment for purposes of appealability.  Because Joe is already a party to the litigation, we deem his request to file an amicus curiae brief as a request to file a supplemental brief, and deny it as such.  (See Cal. Rules of Court, rule 8.200(a)(4) [limiting the appellant to an opening and reply brief, except with the permission of the presiding justice].)

Joe's inability to defend his rights and those of his daughters, those claims are based on previous orders and are outside the scope of our jurisdiction in this appeal.

C. *Analysis*

Joe's assertions of error center on alleged wrongdoing by Lee and Cho and the trial court's erroneous failure to sanction them for their misconduct. His contentions reflect his frustration and dissatisfaction with the trial court's denial of his request for sanctions and, more generally, with the custody and support orders in the action, but they do not establish reversible error under the principles of appellate review.

The general rule of appellate review is that a reviewing court examines the correctness of a judgment or order based upon a record of those matters that were before the trial court for its consideration. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 (*Zeth S.*).) This means the appellate court will only consider matters that were part of the record at the time the judgment or order was entered and will disregard statements of fact or factual assertions that are not supported by references to the record from the trial court. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) Joe, although self-represented, must follow these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

We also are required, under the principles of appellate review, to presume the trial court's order was correct. As the appellant, Joe must show error based on the documents from the trial court that he has provided as part of the record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) We observe that Joe is proceeding without a reporter's transcript of the trial

court proceedings (or there was no court reporter present) and has not requested a suitable substitute, such as a settled statement.[9]

In this case, Joe elected to proceed on appeal without a record of the oral proceedings from the November 14, 2019 hearing. While the appellant's appendix contains a variety of filings and orders throughout the action, it does not appear to contain the opposing side's declarations or any papers filed in opposition to the motion at issue. Without a complete record of the arguments or any evidence before the trial court at the hearing on Joe's motion forming the basis for this appeal, this court cannot conduct a meaningful review of the court's order and must deny the appeal on that basis. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

Furthermore, even assuming an adequate record for review, it is the appellant's duty to support the contentions on appeal with argument and citation to authority that demonstrates prejudicial error warranting reversal. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277.) " '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.] . . . We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Id.* at p. 277.) In other words, the appellant must support each claim of error with meaningful analysis and citation to legal authority, beginning with the applicable standard of review. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948.) Failure to do so allows the reviewing court to deem the unsupported contentions forfeited. (*Ibid.*; see also *Keyes v.*

---

[9] A settled statement is a summary of the trial court proceedings approved by the trial court, which an appellant may elect to use if the designated oral proceedings in the trial court were not reported by a court reporter. (Cal. Rules of Court, rule 8.137(b)(1).) A party has the right to request a settled statement, which summarizes the relevant proceeding in the trial court, or to request a statement of decision, in which the trial court explains the basis for its ruling. (See *ibid.* [procedure for obtaining a settled statement]; Code Civ. Proc., § 632 [procedure for obtaining a statement of decision].)

*Bowen* (2010) 189 Cal.App.4th 647, 655; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Marriage of Falcone & Fyke*).)

While we decline to deem Joe's contentions forfeited on appeal, we observe serious deficiencies that render the appeal practically unreviewable.

First, Joe raises issues and arguments on appeal that we have determined were not raised in the underlying motion for sanctions filed on October 17, 2019. As noted *ante*, Joe maintains that Lee refused to follow prior orders for the children to attend therapy, as evidenced by older daughter's absence from therapy for two months in August and September 2019. On appeal, Joe claims that older daughter's absence from therapy warranted sanctions under Family Code section 271, subdivision (a), due to Lee's uncooperative behavior. He asserts that because Lee refused to follow the therapy orders, the trial court should have assessed her lawyer, Cho, for a sanction of $50,000. Joe also contends that Cho, as Lee's counsel, brought a frivolous request for sanctions against him, which the trial court denied in an order issued August 8, 2019 and again denied after a motion for reconsideration heard in November 2019. Joe argues that the denial of these requests shows they lacked merit and any factual basis, justifying sanctions against Cho under Code of Civil Procedure section 128.5 in the amount of $25,000.[10]

However, neither the issue of Lee's alleged noncompliance with the therapy orders as sanctionable conduct under Family Code section 271, nor the purportedly frivolous request for sanctions denied by the trial court in August 2019, was cited as a basis for sanctions in Joe's motion filed in the trial court. Instead, the motion focused extensively on the allegedly false and defamatory statements made by Lee in declarations filed in the trial court in 2017 and 2019, and on Cho's alleged acts of perjury and forgery in the signing and filing of documents. Insofar as these particular grounds for sanctions (Lee's

---

[10] It is not entirely clear how the amounts that Joe claims on appeal the trial court should have awarded align with the amounts he requested in his motion, though the sum totals appear to be the same.

noncompliance with therapy orders and Cho's frivolous sanctions motion) were not before the trial court for its consideration, they do not present a valid basis on which we can reverse the trial court's order. (*In re Zeth S.*, *supra*, 31 Cal.4th at p. 405.)

Second, as to the issues that were raised in the trial court, rather than articulate the standard of review, Joe merely asserts the trial court "erred by denying [his] sanction request without basis." This conclusory statement is insufficient to prevail on appeal. The analysis of an appeal depends upon the standard of review (*Peak-Las Positas Partners v. Bollag* (2009) 172 Cal.App.4th 101, 105), because that standard " 'prescribes the degree of deference given by the reviewing court to the actions or decisions under review.' " (*San Francisco Fire Fighters Local 798 v. City and County of San Francisco* (2006) 38 Cal.4th 653, 667.) An appellant's arguments on appeal should be tailored according to the applicable standard. "Failure to acknowledge the proper scope of review is a concession of a lack of merit." (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.)

Third, the standard of review that does apply here is highly deferential. "Whether to impose sanctions and the amount thereof is addressed to the trial court's sound discretion." (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100.) We review a trial court's decision to grant or deny attorney fees under Family Code section 271,[11] cited in Joe's motion as a basis for sanctions, under an abuse of discretion standard. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316 (*Marriage of Tharp*).) So too, the award of sanctions for a frivolous filing under Code of Civil

---

[11] Family Code section 271 " ' " 'authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants' . . . . Litigants who flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a section 271 sanction." ' " (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1152.)

13

Procedure section 128.7[12]—also cited by Joe as authority for sanctions—is within the discretion of the trial court. (*McCluskey*, *supra*, 56 Cal.App.5th at p. 1205.) Review for abuse of discretion requires that we indulge all reasonable inferences to uphold the order. (*Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 828.) We will not interfere with the trial court's decision to grant or deny sanctions " 'unless the trial court abused its broad discretion in making it.' " (*Ibid.*)

" '[T]he term judicial discretion implies absence of arbitrary determination, capricious disposition, or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason.' " (*Marriage of Tharp*, *supra*, 188 Cal.App.4th at p. 1316.) "[W]e will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order." (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225–1226.)

Bearing in mind the deferential standard of review, Joe fails to provide any legal authority to support his arguments that the trial court should have assessed sanctions. Joe purports to justify a $10 million sanction request against Lee on the basis that she "repeatedly placed false statements in pleadings without factual foundation primarily to make [him] and the relation[ship] between him and his daughters look bad." Joe argues that he countered Lee's false statements regarding his relationship with the children by submitting screenshots of call history and text messaging (as evidence of his positive communications with his daughters), while Lee failed to produce any "counter evidence" to support her statements. And he contends that Cho's conduct, as Lee's attorney in the action, justified a sanction request of more than $105 million against him. Joe asserts

---

[12] Code of Civil Procedure, section 128.7 "provides that a trial court may impose sanctions for the filing of a pleading if the court 'concludes the pleading was filed for an improper purpose [(subdivision (b)(1))] or was indisputably without merit, either legally or factually [(subdivision (b)(2), (3))].' " (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1204–1205 (*McCluskey*).)

14

that Cho engaged in perjury and forgery in various trial court filings, allowed Lee to make false statements on her declarations, and improperly included Lee's 2012 response to the domestic violence restraining order request in a recent court filing, even though the trial court had rejected her version of the incident that led to Joe seeking a domestic violence restraining order.

The statutes that Joe relies upon[13] authorize the issuance of sanctions in very specific circumstances, none of which are present here. To the extent that Joe cites Family Code section 271 with respect to his arguments concerning Lee's failure to comply with the therapy orders, we need not address it. To the extent he seeks to rely on the statute with respect to his remaining arguments, we note that a sanction under Family Code section 271 is limited to "an award of attorney's fees and costs" and considers both the conduct of the parties in furthering or frustrating the policy of the law as well as the parties' incomes, assets, and liabilities and whether imposing a sanction would create an unreasonable financial burden on the subject. (Fam. Code, § 271, subd. (a).) The outsized measure of Joe's sanctions request—totaling more than $115 million and tethered neither to an award of attorney fees and costs nor to the parties' financial circumstances—would in and of itself have served as a reasonable basis for the trial court's denial of the motion. Also, although the trial court made no express findings in its written order denying the motion, there is ample evidence in the available record to support an implied finding that the purported falsity of a few statements made by Lee about Joe's relationship and communication with their daughters did not amount to sanctionable conduct under Family Code section 271. (See *Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148.)

---

[13] Although Joe cited 10 statutes (including provisions of the Civil Code and Penal Code not relevant to this action) in his motion as ostensible authority for the sanction request against Lee and Cho, on appeal he focuses on Family Code section 271, subdivision (a), and Code of Civil Procedure, section 128.7.

15

As for Code of Civil Procedure section 128.7, Joe correctly recognizes that the statute authorizes imposition of sanctions where the court determines that a pleading or other submission to the court was presented for an improper purpose, as specified in subdivision (b)(1), or lacked merit, either legally or factually, as specified in subdivision (b)(2), (3). "The signing of a filed pleading constitutes a certification by the person signing it that after a reasonable inquiry, the pleading (1) is not being presented for an improper purpose; (2) contains positions that are not frivolous; (3) alleges factual matter having evidentiary support; and (4) contains denials of factual allegations, which denials have evidentiary support. ([Code Civ. Proc.,] § 128.7, subd. (b).) Based upon these requirements, the court, after proper statutory notice, may impose sanctions upon the attorneys, law firms, or parties who have improperly certified a pleading in violation of subdivision (b) of section 128.7. ([*Id.*,] § 128.7, subd. (c).)" (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 919–920, fn. omitted (*Optimal Markets*).)

Joe's motion under Code of Civil Procedure, section 128.7, however, ignores both the substantive and procedural restrictions placed on any recovery of sanctions under the statute. For one, there is a " 'safe-harbor' " provision whereby a party seeking sanctions must follow a two-step procedure to permit the offending party to avoid sanctions by withdrawing the improper pleading during the safe harbor period. (*Optimal Markets*, *supra*, 221 Cal.App.4th at p. 920; see Code Civ. Proc., § 128.7, subd. (c)(1).) There is no indication in the record that Joe followed the required procedure in this case. Even if Joe had complied with the statutory prerequisites, his claims of perjury and forgery appear to stem from a misunderstanding of the rules of court and of the attorney's role as representative of the party to the action. Joe argues that Cho prepared and filed two documents with "fake signatures" as well as 10 proof of service forms (at various points in the action) using his own name and signature. In denying the request for sanctions, the trial court implicitly found the putative forgeries were not substantiated, which the record amply supports, especially considering both date back several years with no objection

16

lodged by Joe at the time.[14]  It is, moreover, commonplace and proper for an attorney to sign the proof of service after serving the document in question; doing so neither violates the rules of court nor constitutes perjury.[15]

Fundamentally, Joe's request for sanctions does not advance the primary purpose of Code of Civil Procedure, section 128.7 but instead seeks punitive compensation.  "The primary purpose of the statute is deterrence of filing abuses, not to provide compensation for those impacted by those abuses.  'While [Code of Civil Procedure] section 128.7 does allow for reimbursement of expenses, including attorney fees, its primary purpose is to deter filing abuses, not to compensate those affected by them.  It requires the court to limit sanctions "to what is sufficient to deter repetition of [the sanctionable] conduct or comparable conduct by others similarly situated."  ([*Id.*,] § 128.7, subd. (d).)' " (*Optimal Markets*, *supra*, 221 Cal.App.4th at pp. 920–921.)  Joe is incorrect in pointing to the allowance for punitive damages under the statute because that provision applies only to a punitive award against a plaintiff when a court determines an action was maintained by a felon against the victim for actions arising out of the relevant felony.  (Code Civ. Proc., § 128.7, subd. (f).)

For these reasons, we conclude the trial court did not abuse its discretion in denying Joe's motion for sanctions.

---

[14] The first of the claimed forgeries consists of the signature of Cho's own client affixed on her income and expense declaration from November 18, 2016, with the explanatory note it was "received via fax."  The second consists of Joe's signature on findings and order after hearing filed by the trial court on July 31, 2018.

[15] Joe believes Cho's certification on the proof of service that he is not a party to the action is perjurious, relying on the definition of " 'party' " as stated in California Rules of Court, rule 1.6(15).  But this definition applies only to the term "[a]s used in the California Rules of Court, unless the context or subject matter otherwise requires." (*Id.* at rule 1.6.)  It does not make the attorney a "party" in the action.  (See *Brown v. Superior Court* (2004) 116 Cal.App.4th 320, 328 [attorney is not a party to the action]; *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136, 143 [same].)

17

### III.  DISPOSITION

The November 20, 2019 order denying the motion for sanctions is affirmed.

Respondent Lee is entitled to recover her reasonable costs on appeal in this matter.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
                  Danner, J.

WE CONCUR:

_____
Elia, Acting P.J.

_____
Wilson, J.

**H047803**
*Joe v. Lee*